# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| MIDDLESEX, ss | SUPERIOR COURT<br>CIVIL ACTION NO. |
| SCOTT CANNON, Individually and as the Personal Representative of the Estate of BLAISE CANNON<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.<br><br>Defendant. | COMPLAINT WITH JURY DEMAND |

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Scott Cannon is a resident of Kentucky. He is the Special Personal Representative and proposed Personal Representative of the Estate of Blaise Cannon, who died in Middlesex County on March 31, 2020 and whose estate is presently pending in the Probate and Family Court of Middlesex County, Massachusetts, being case number MI23P1673EA.

2. Defendant Blue Cross and Blue Shield of Massachusetts, Inc. is a nonprofit corporation with its principal place of business located at 101 Huntington Avenue, Suite 1300, Boston, Massachusetts 02199.

3. This Court has personal jurisdiction over Plaintiff and Defendant.

4. This Court has subject matter jurisdiction over the controversy between the parties because it involves issues of state law and the amount in controversy exceeds the minimum jurisdictional amount required to be in this Court.

5.  This Court is the proper venue as the events giving rise to this Complaint occurred in Middlesex County.

## BACKGROUND

7.  Defendant provided a policy of health insurance to Decedent, Blaise Cannon.

8.  The Policy was in good standing and in force as of March 2020.

9.  Blaise Cannon sought coverage for Wixela Inhub inhaler for the treatment of asthma under the Policy in March 2020.

10. Blaise Cannon was denied coverage for the treatment under the Policy.

11. Blaise Cannon was not provided coverage for the treatment by Defendant.

12. Blaise Cannon died on March 31, 2020, due to complications from asthma.

13. Had Blaise Cannon received the treatment he sought, his complications from asthma and death could have been prevented and avoided.

### Claim 1 – Declaratory Judgment with regard to Defendant

14. Blaise Cannon was insured under the Policy for health insurance benefits, including inhalers and other medical procedures related to his asthma.

15. Blaise Cannon was wrongfully denied benefits under the Policy.

16. Blaise Cannon timely submitted claims to Defendant under the Policy.

17. Defendant did not pay the claims as required under Policy.

18. This Court has the authority to enter a declaratory judgment pursuant to M.G.L.. Ch. 231A.

19. Pursuant to M.G.L. Ch. 231A §§ 1 – 2, Plaintiff Scott Cannon may have this Court provide a declaration which shall determine any question arising under the Policy.

20. Plaintiff Scott Cannon asks this Court to declare that Blaise Cannon was insured under the Policy, that his claim for benefits was covered by the Policy, and that Defendant should have provided benefits.

### Claim 2 – Breach of Contract

21. Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 20 of the Complaint.

22. The Policy was a contract between Blaise Cannon and Defendant.

23. Blaise Cannon substantially performed all of his contractual obligations required by the Policy.

24. Defendant failed to perform its contractual obligations under the Policy.

25. Defendant breached the Policy by failing to provide Blaise Cannon benefits under the Policy.

26. As a result of Defendant's breach of the Policy, Blaise Cannon was injured and died.

### Claim 3 – Bad Faith

27. Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 26 of the Complaint.

28. As an insurer, Defendant has a responsibility to act towards insureds in good faith.

29. As an insurer, Defendant had a duty to comply with Massachusetts's insurance laws, including but not limited to those codified in M.G.L.. Chs. 175, 175A, and 176D, and Massachusetts's insurance regulations, including but not limited to those codified in the Code of Massachusetts Regulations Title 211.

30. Through the actions described in the preceding Paragraphs, Defendant has violated these laws and regulations.

31. Defendant did not act towards Blaise Cannon in good faith.

32. Defendant did not have a reasonable justification for failing to pay Blaise Cannon's claims.

33. Blaise Cannon was damaged by Defendant's failure to act in good faith towards him.

### Claim 4 – Wrongful Death

34. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 33 of the Complaint.

35. Defendant's actions described herein caused Blaise Cannon's pain, suffering, and death.

36. As a result of the injury and death of Blaise Cannon, Plaintiff Scott Cannon has suffered loss of consortium.

37. Plaintiff is entitled to recover damages for Blaise Cannon's injury and death, as well as damages for loss of consortium, under M.G.L. Ch. 229, Massachusetts's wrongful death statute, from Defendant.

### Claim 5 – Punitive Damages

38. Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 37 of the Complaint.

39. Defendants acted towards Blaise Cannon with malice and/or reckless disregard for his safety and welfare.

40. As a result of Defendant's actions, Blaise Cannon was injured and died.

41. Plaintiff Scott Cannon, as the Personal Representative of the Estate of Blaise Cannon, is entitled to recover punitive damages against Defendant.

### Claim 6 – Loss of Consortium

42. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 41 of the Complaint.

43. As a result of the injury and death of Blaise Cannon, Plaintiff Scott Cannon has suffered loss of consortium.

44. Plaintiff Scott Cannon is entitled to recover damages against Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) that Plaintiff Scott Cannon, as Personal Representative of the Estate of Blaise Cannon, be awarded damages for Defendant's breach of contract;

(b) that Plaintiff Scott Cannon, as Personal Representative of the Estate of Blaise Cannon, be awarded damages for Defendants' bad faith;

(c) that Plaintiff Scott Cannon, as Personal Representative of the Estate of Blaise Cannon, be awarded damages for the injury and wrongful death of Blaise Cannon;

(d) that Plaintiff Scott Cannon, as Personal Representative of the Estate of Blaise Cannon, be awarded punitive damages;

(e) that Plaintiff Scott Cannon be awarded damages for loss of consortium, individually, and/or as Personal Representative of the Estate of Blaise Cannon;

(f) that Plaintiff be awarded reasonable attorney's fees and other expenses;

(g) that Plaintiff be awarded costs;

(h) that Plaintiff be awarded all other relief to which he may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes demand for trial by jury on all issues so triable.

        Respectfully Submitted,

        By the Plaintiff,
        Scott Cannon, Individually and as Personal
        Representative of the Estate of Blaise Cannon

        By and Through His Attorney,

        */s/ Heather M. Bonnet-Hebert*
        Heather M. Bonnet-Hébert, Esq., BBO # 660534
        FEINGOLD BONNET-HÉBERT, P.C.
        700 Pleasant Street, Suite 520
        New Bedford, Massachusetts 02740
        Phone: (508) 999-1119
        Facsimile: (508) 999-0300
        heather@rbflaw.net

        And by Plaintiff's proposed *Pro Hac Vice* Counsel,

        */s/ Louis C. Schneider*
        Louis C. Schneider (Ohio Bar # 0076588)
        Thomas Law Offices, PLLC
        250 East Fifth Street, Suite 440
        Cincinnati, Ohio 45202
        Ph: (513) 360-6480
        Fx: (502) 495-3943
        lou.schneider@thomaslawoffices.com

Dated: March 31, 2023

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |

| Plaintiff | Scott Cannon, Individually and as Personal Representative of the Estate of Blaise Cannon | Defendant: | Blue Cross Blue Shield of Massachusetts, Inc. |
|---|---|---|---|
| ADDRESS: | 2401 Eastwood Circle<br>Crestwood, KY 40014 | ADDRESS: | 101 Huntington Avenue, Suite 1300<br>Boston, Massachusetts 02199 |
| Plaintiff Attorney: | Heather M. Bonnet-Hebert | Defendant Attorney: | |
| ADDRESS: | Feingold \| Bonnet-Hebert, P.C.<br>700 Pleasant Street, Suite 520<br>New Bedford, MA 02740 | ADDRESS: | |
| BBO: | 660534 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B08 | Wrongful Death/Bad Faith Denial of Claim | A | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☐ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date
 1. Total hospital expenses
 2. Total doctor expenses
 3. Total chiropractic expenses
 4. Total physical therapy expenses
 5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

wrongful death of 26 year old from complications of an asthma attack following denial of coverage for asthma treatment

TOTAL (A-F): To Be Determined

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff's decedent suffered an asthma attack following Defendant's denial of coverage for asthma treatment resulting in severe injury and death.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Declaratory Judgment with regard to Plaintiff's decedent's policy of health insurance with Defendant | |
| 2. | Breach of Contract with regard to Defendant's failure to provide coverage and benefits under Plaintiff's decedent's health insurance policy | To Be Determined |
| 3. | Bad Faith failure to comply with Massachusetts's insurance laws and regulations, failure to act in good faith towards Plaintiff's decedent, and failure to pay claims under its insured's health insurance policy contract without reasonable justification | To Be Determined |
| | Total | To Be Determined |

3/31/2023 RECEIVED

Date Filed 3/31/2023 12:21 PM
Superior Court - Middlesex
Docket Number

| Signature of Attorney/Self-Represented Plaintiff: X    /s/ Heather M. Bonnet-Hebert | Date: 3/31/2023 |
|---|---|
| **RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court. | |
| | |

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X   /s/ Heather M. Bonnet-Hebert | Date: 3/31/2023 |
|---|---|

Date Filed 3/31/2023 12:21 PM
Superior Court - Middlesex
Docket Number

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

TRANSFER YOUR SELECTION TO THE FACE SHEET

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

### EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
### ACCURATELY, THE CASE MAY BE DISMISSED.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2381CV00915 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Scott Cannon vs. Blue Cross Blue Shield Of Massachusetts, Inc. | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: Heather Marie Bonnet-Hebert, Esq. Feingold Bonnet-Hebert, P.C. 700 Pleasant St Suite 520 New Bedford, MA 02740 | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                    **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/29/2023 | |
| Response to the complaint filed (also see MRCP 12) | | 07/31/2023 | |
| All motions under MRCP 12, 19, and 20 | 07/29/2023 | 08/28/2023 | 09/27/2023 |
| All motions under MRCP 15 | 05/24/2024 | 06/24/2024 | 06/24/2024 |
| All discovery requests and depositions served and non-expert depositions completed | 03/20/2025 | | |
| All motions under MRCP 56 | 04/21/2025 | 05/19/2025 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/16/2025 |
| Case shall be resolved and judgment shall issue by | | | 03/30/2026 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED 03/31/2023 | ASSISTANT CLERK Debra J Newman | PHONE |
|---|---|---|

Date/Time Printed: 03-31-2023 14:36:51                                                    SCV026\ 08/2018

3

# Commonwealth of Massachusetts

MIDDLESEX, SS.                                              TRIAL COURT OF THE COMMONWEALTH
                                                            SUPERIOR COURT DEPARTMENT
                                                            CIVIL DOCKET NO. __2381CV00915__

__Scott Cannon_____, PLAINTIFF(S),

V.

__Blue Cross and Blue Shield__
__of Massachusetts, Inc._____, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO __Blue Cross and Blue Shield of Massachusetts, Inc.__ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Middlesex County Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, __Middlesex Superior__ Court, 200 Trade Center, __Woburn, MA 01801__ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: __Feingold Bonnet-Hébert, P.C. 700 Pleasant St, New Bedford, MA 02740__

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS

MAY - 0 1 2023

FOR MIDDLESEX COUNTY
CLERK

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on  April 5  , 20 23 .

_____
Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS



Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

April 18, 2023

**I hereby certify and return that on 4/17/2023 at 8:40 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Bernardo Montanez, agent and person in charge at the time of service for Blue Cross Blue Shield of Massachusetts, at 84 State Street Corporation Service Company Boston, MA 02109. Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($7.04) Total: $43.34**

Deputy Sheriff    Joseph Casey

_____
Deputy Sheriff

, 20___

# 2381CV00915 Cannon, Scott vs. Blue Cross Blue Shield Of Massachusetts, Inc.

- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 03/31/2023
- DCM Track:
- A - Average
- Initiating Action:
- Wrongful Death - Non-medical, G.L.c.229, §2A
- Status Date:
- 03/31/2023
- Case Judge:
- 
- Next Event:
- 

**All Information** | **Party** | **Tickler** | **Docket** | **Disposition**

## Party Information

**Cannon, Scott**
- Plaintiff

| Alias | Party Attorney |
|---|---|
|  | Attorney |
|  | Bonnet-Hebert, Esq., Heather Marie |
|  | Bar Code |
|  | 660534 |
|  | Address |
|  | Feingold Bonnet-Hebert, P.C. |
|  | 700 Pleasant St |
|  | Suite 520 |
|  | New Bedford, MA  02740 |
|  | Phone Number |
|  | (508)999-1119 |

**More Party Information**

**Blue Cross Blue Shield Of Massachusetts, Inc.**
- Defendant

| Alias | Party Attorney |
|---|---|

**More Party Information**

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 03/31/2023 | 06/29/2023 | 90 |  |
| Answer | 03/31/2023 | 07/31/2023 | 122 |  |
| Rule 12/19/20 Served By | 03/31/2023 | 07/29/2023 | 120 |  |
| Rule 12/19/20 Filed By | 03/31/2023 | 08/28/2023 | 150 |  |
| Rule 12/19/20 Heard By | 03/31/2023 | 09/27/2023 | 180 |  |
| Rule 15 Served By | 03/31/2023 | 05/24/2024 | 420 |  |
| Rule 15 Filed By | 03/31/2023 | 06/24/2024 | 451 |  |
| Rule 15 Heard By | 03/31/2023 | 06/24/2024 | 451 |  |
| Discovery | 03/31/2023 | 03/20/2025 | 720 |  |
| Rule 56 Served By | 03/31/2023 | 04/21/2025 | 752 |  |

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Rule 56 Filed By | 03/31/2023 | 05/19/2025 | 780 | |
| Final Pre-Trial Conference | 03/31/2023 | 09/16/2025 | 900 | |
| Judgment | 03/31/2023 | 03/30/2026 | 1095 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 03/31/2023 | Complaint electronically filed. | 1 | Image |
| 03/31/2023 | Civil action cover sheet filed. | 2 | Image |
| 03/31/2023 | Demand for jury trial entered. | | |
| 03/31/2023 | Case assigned to:<br>DCM Track A - Average was added on 03/31/2023 | | |
| 05/01/2023 | Service Returned for<br>Defendant Blue Cross Blue Shield Of Massachusetts, Inc.: Service through person in charge / agent;<br><br>Served to agent and person in charge, Bernardo Montanez, on 4/17/2023 at 84 State Street Corporation Service Company, Boston, MA 02109 | 3 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |