UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCOTT CANNON, individually and as the personal representative of the estate of Blaise Cannon, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 23-cv-10950-DJC |
| BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., | ) ) ) ) | |
| Defendant. | ) ) ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                             **August 22, 2024**

### I. Introduction

Plaintiff Scott Cannon ("Cannon"), individually and as the personal representative of the estate of Blaise Cannon ("Blaise"), has filed this lawsuit against Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBS") alleging various state law claims arising from BCBS's denial of health benefits. D. 1-1. Defendant has moved for summary judgment. D. 35. For the reasons stated below, the Court ALLOWS the motion.

### II. Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp.,

1

217 F.3d 46, 52 (1st Cir. 2000).  The movant bears the burden of demonstrating the absence of a genuine issue of material fact.  Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex v. Catrett, 477 U.S. 317, 323 (1986).  If the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but must come forward with specific admissible facts showing that there is a genuine issue for trial,  see Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010).  The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor."  Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

### III.   Factual Background

The following facts are drawn from Defendant's submission of material facts and documents cited therein, D. 37, and are undisputed.[1]

Blaise was the domestic partner of a SessionM, Inc. ("SessionM") employee.  D. 37 ¶ 12. In March 2020, he was insured through a group policy of health insurance (the "Policy") issued by BCBS to SessionM employees and their covered dependents, including domestic partners. Id. ¶¶ 1, 9, 12.  On March 18, 2020, Blaise sought coverage under the Policy for a Wixela Inhub inhaler to treat his asthma.  Id. ¶¶ 2, 23.  On March 25, 2020, BCBS denied the request because there was no evidence that Blaise had tried other inhalers as the Policy required.  Id. ¶¶ 27–28.  On March 31, 2020, Blaise died from complications related to his asthma.  Id. ¶ 3.

---

[1] Plaintiff failed to file a response to Defendant's statement of material facts as required. Accordingly, Defendant's statement of material facts, D. 37, is deemed admitted.  D. 51 at 2; Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) (providing that "material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by the opposing parties unless controverted by the statement required to be served by opposing parties") (quoting D. Mass. L.R. 56.1).

IV.     **Procedural History**

Cannon instituted this action in Middlesex Superior Court alleging six state law claims: declaratory judgment regarding BCBS (Count I); breach of contract (Count II); bad faith (Count III); wrongful death (Count IV); punitive damages (Count V) and loss of consortium (Count VI). D. 1-1 ¶¶ 14–44. BCBS removed the action to this Court, D. 1, and moved to dismiss the complaint shortly thereafter. D. 7. The Court heard the parties on that motion, D. 24, and, while reserving on the motion, ordered a brief period of discovery limited to the BCBS policy issued to Blaise and related correspondence. D. 25. Following this discovery, the Court denied the motion to dismiss without prejudice to BCBS raising the issue of ERISA preemption in a motion for summary judgment. D. 30 at 7. BCBS now moves for summary judgement on the basis that all six state law claims are preempted by ERISA. D. 35. Cannon "does not contest here" that ERISA preempts his claims for declaratory judgment, breach of contract, bad faith and loss of consortium (Counts I, II, III and VI). D. 50 at 2. Instead, Cannon argues only that his claim for wrongful death and his corresponding claim for punitive damages (Counts IV and V) survive. Id. at 1–2. The Court therefore limits its analysis to those claims.

V.      **Discussion**

   A.   **ERISA Preemption**

BCBS argues that Cannon's two remaining claims also are preempted by ERISA. D. 36 at 9–17. "ERISA preemption analysis involves two central questions: (1) whether the plan at issue is an 'employee benefit plan' and (2) whether the cause of action 'relates to' this employee benefit plan." Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 49 (1st Cir. 2000) (quoting McMahon v. Digital Equip. Corp., 162 F.3d 28, 36 (1st Cir. 1998)). The parties agree that the Policy in question

is a benefit plan covered by ERISA.  D. 36 at 2; D. 50 at 1–2.  The question is therefore whether Cannon's wrongful death and punitive damages claims "relate" to that Policy.

With exceptions not relevant here,[2] § 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  "The term 'State Law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."  29 U.S.C. § 1144(c)(1).  The Supreme Court has recognized "the expansive sweep of the pre-emption clause," Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987), and has articulated that, "[t]he phrase 'relate to' [is to be] given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'"  Metro. Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96–97 (1983)).  "In adopting § 514(a), Congress deliberately rejected narrower preemption language directed at state laws relating to the specific subjects covered by ERISA, choosing instead to supplant all state laws that relate to ERISA-regulated plans."  Hampers, 202 F.3d at 49 (citation and internal quotation marks omitted).

Section 514(a) is satisfied if "a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action."  Hampers, 202 F.3d at 52; see Harris v. Harvard Pilgrim Health Care, Inc., 208 F.3d 274, 281 (1st Cir. 2000) (concluding that a state law claim is preempted if "the trier of fact necessarily would be required to consult the ERISA plan to resolve the plaintiff's claims").  "A law is preempted 'even if the law is not

---

[2] Section 514(a) is qualified by a "savings clause," which precludes from preemption any "state law[s] . . . which regulate insurance, banking, or securities . . . ."  29 U.S.C. § 1144(b).  Cannon does not raise the savings clause and "it is the parties['] burden, not the court['s], to develop arguments in support of their claims/positions, with citation to relevant legal authority."  Lovern v. Astrue, No. 09-40098-TSH, 2011 WL 4621455, at *6 (D. Mass. Sept. 29, 2011).

specifically designed to affect such plans, or the effect is only indirect.'" Guerra-Delago v. Popular, Inc., 774 F.3d 776, 781 (1st Cir. 2014) (quoting Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007)). In addition, state law claims relate to an ERISA plan if they arise from the enforcement of rights under an ERISA-regulated plan. Pilot Life, 481 U.S. at 52–57; see Hampers, 202 F.3d at 49–50 (compiling cases); Turner v. Fallon Cmty. Health Plan, Inc., 127 F.3d 196, 199 (1st Cir. 1997) (observing that "[i]t would be difficult to think of a state law that 'relates' more closely to an employee benefit plan than one that affords remedies for breach of obligations under that plan").

Cannon's claims for wrongful death (Count IV) and punitive damages (Count V) are preempted both because the Court would be required to consult the Policy to resolve them and because they arose from the alleged improper denial of benefits. Each claim relies upon the same premise: that Defendant improperly denied Blaise a particular health benefit, thus resulting in his death. Determining whether that denial was improper requires the Court to consult the Policy.[3] Plaintiff posits that its wrongful death claim cannot be preempted because the Massachusetts wrongful death statute has no regulatory effect on insurance, D. 50 at 3, but § 514(a) does not limit ERISA's preemptive reach to statutes directly regulating insurance and instead covers "state claims to enforce rights under an ERISA plan or obtain damages for the wrongful withholding of those rights." Turner, 127 F.3d at 199. Claims for wrongful death and punitive damages resulting from an allegedly improper denial of benefits under an ERISA plan are precluded on this basis. See e.g., id. at 198–200 (concluding that wrongful death and other state law claims arose from a

---

[3] Cannon argues the wrongful death inquiry would instead be directed to BCBS's negligence, D. 50 at 4, but fails to identify any duty BCBS owed Cannon other than the duty prescribed by the Policy itself.

denial of benefits and were thus preempted by ERISA); Andrews-Clarke v. Lucent Techs., Inc., 157 F. Supp. 2d 93, 104–05 (D. Mass. 2001) (same).

Cannon also argues that its wrongful death and punitive damages claims are not preempted because the Massachusetts wrongful death statute provides a distinct form of relief. D. 50 at 3–6. According to Cannon, a wrongful death claim cannot be preempted by ERISA because an ERISA plan participant or beneficiary could never bring such a claim. Id. at 4.[4] But the wrongful death claim is an action for damages related to a breach of plan and is therefore precisely the type of alternative enforcement mechanism disallowed under ERISA § 502(a). 29 U.S.C. § 1132(a). "The relief expressly provided [under ERISA] is to secure benefits under the plan rather than damages for a breach of the plan." Turner, 127 F.3d at 198. "This is not a minor technicality: damage awards may increase effective coverage but may also add significantly to the costs of coverage." Id. at 198–99. "[S]tate laws which furnish alternative enforcement mechanisms threaten the uniformity that Congress labored to achieve and thus are preempted by ERISA." Carpenters Loc. Union No. 26 v. U.S. Fid. & Guard Co., 215 F.3d 136, 140 (1st Cir. 2000); see Danca, 185 F.3d at 4–6 (holding that state law tort claims alleging improper processing of claim benefits under ERISA plan were preempted since all state-law-based attacks on this conduct would amount to an "alternative enforcement mechanism"); Pilot Life, 481 U.S. at 53–54 (concluding that to allow punitive damages for a failure to pay benefits would be at odds with Congress's refusal to allow punitive damages for benefit claims under ERISA).

---

[4] BCBS posits that the Massachusetts wrongful death statute does not provide a distinct form of relief because it is derivative in nature and belongs to the decedent and his estate. D. 51 at 2. The Court need not reach the issue because, derivative or not, the wrongful death and punitive damages claims arise from the allegedly improper denial of benefits under an ERISA plan and are therefore preempted.

**B.     ERISA Claim**

Even assuming *arguendo* that the complaint asserted an ERISA claim, BCBS would still be entitled to summary judgment. D. 36 at 14–16. ERISA preemption "does not always entitle the defendant to dismissal because there is the possibility that the plaintiff's complaint may state a valid ERISA claim." Andrews-Clarke, 157 F. Supp. 2d at 106 (citing Fitzgerald v. Codex Corp., 882 F.2d 586, 589 (1st Cir. 1989)). Section 502(a) provides that a civil action may be brought by "[a] participant or beneficiary." 29 U.S.C. § 1132(a)(1)(B). A participant or beneficiary may sue under ERISA to "recover benefits due to them under the terms of their plan, enforce their rights under the plan, or clarify their rights to future benefits under the plan." Id.

In Counts IV and V (or even elsewhere in the complaint), Cannon does not seek benefits due under the Policy but rather damages for the allegedly "improper refusal of an insurer . . . to authorize treatment." Andrews-Clarke, 984 F. Supp. at 59. But, as already discussed, ERISA "does not create compensatory or punitive damage remedies where an administrator of a plan fails to provide the benefits due under that plan." Hampers, 202 F.3d at 51.[5] Accordingly, at least for this reason, Cannon also has failed to state an ERISA claim.

**VI.    Conclusion**

For the foregoing reasons, the Court ALLOWS BCBS's motion for summary judgment. D. 35.

**So Ordered.**

/s Denise J. Casper
United States District Judge

---

[5] BCBS also argues that Cannon did not exhaust all administrative remedies. D. 36 at 16–17. "A plaintiff who wishes to raise an ERISA claim in federal court must first exhaust all administrative remedies that the fiduciary provides." Medina v. Metro. Life Ins. Co., 588 F.3d 41, 47 (1st Cir. 2009). The Court need not reach this issue, however, because it otherwise concludes that BCBS is entitled to summary judgment for the reasons explained above.